IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| M.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:20-CV-141-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER**

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of final judgment directly appealable to the Eleventh Circuit of Appeals pursuant to 28 U.S.C. § 636(c)(3).

**LEGAL STANDARDS**

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq.*, 416.101 *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1). First, the Commissioner determines whether the claimant is working. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* §§ 404.1520(b), 416.920(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth and

3

finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* §§ 404.1523(c), 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits and supplemental security income on February 19, 2019, alleging that she became disabled to work on October 1, 2017. Her claims were denied initially on May 30, 2019, and upon reconsideration on September 15, 2019. Tr. 86-87, 112-13. She timely requested an evidentiary hearing before an ALJ on September 20, 2019, and one was held on June 16, 2020. Tr. 30. Plaintiff appeared at the hearing telephonically with her attorney and gave testimony, as did an impartial vocational expert ("VE"). *Id*. On July 28, 2020, the ALJ issued an unfavorable decision denying Plaintiff's applications. Tr. 27-44. Plaintiff next sought review by the Appeals Council but was denied on October 23, 2020. Tr. 9-14. Having exhausted the administrative remedies available to her under the Social Security Act, and after obtaining an extension of time to file a civil action, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications. Her case is ripe for review. 42 U.S.C. §§ 405(g), 1373(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges that she became disabled to work, Plaintiff was forty-eight years old and classified as a "younger individual" under the Commissioner's regulations. Finding 6, Tr. 39; 20 C.F.R. §§ 404.1563, 416.963. She has a high school education and past relevant work as a retail cashier and warehouse worker. Finding 6, Tr. 39. In conducting the five-step sequential analysis of her claims for disability, the ALJ found, at step two, that Plaintiff had severe impairments of degenerative joint disease of the right knee, plantar fasciitis, and obesity, as well as a medically determinable impairment of major depressive disorder. Finding 3, Tr. 33-34; 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 35. Between steps three and four, the ALJ established that Plaintiff retains the RFC to perform light work with exertional, postural, and environmental limitations. Finding 5, Tr. 35-38. At step four, the ALJ found that this RFC with added limitations permits Plaintiff to resume her past relevant work as a retail cashier. Finding 6, Tr. 38-39. Nevertheless, the ALJ proceeded to step five in an alternative analysis and established through testimony of the VE that Plaintiff can also work as a remnant sorter, officer helper, or ticket seller and that these jobs are available to her in the national economy. Finding 6, Tr. 38-40. The ALJ, therefore, found Plaintiff to not be disabled to work. Finding 11, Tr. 53.

## DISCUSSION

Plaintiff raises two assertions of error. First, she contends the ALJ erred at step two

by failing to find her alleged impairments of urinary incontinence and depressive disorder to be severe impairments. Pl.'s Br. 1, 8-11, ECF No. 18. There is no error at step two, however, where an ALJ finds severe impairments and subsequently proceeds to the succeeding steps because the finding of a severe impairment is a ruling in the claimant's favor at that step. *See Heatly v. Comm's of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam). The ALJ is then "required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam).

Here, the ALJ expressly stated that, in determining Plaintiff's RFC, she had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSR 16-3p." Tr. 35. She further stated that she found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but discounted the intensity, persistence, and limiting effects of the symptoms, finding them to not be entirely consistent with the record evidence. Tr. 36. Where, as here, the ALJ's decision is clear on its face that consideration was given to all impairments and symptoms supported by the medical evidence, there is no error. *Tuggerson-Brown*, 572 F. App'x at 951-52.

In her second enumeration of error, Plaintiff contends the ALJ improperly evaluated her subjective symptoms. Pl.'s Br. 1, 11-13. Specifically, she argues the ALJ gave "very little explanation and analysis" for Plaintiff's statements about loss of urinary control and

6

mental health issues. *Id*. at 12. To the contrary, the ALJ devoted a substantial part of her step-two analysis to the issue of urinary incontinence, noting that surgery by Holly Imlach, M.D., successfully addressed the uterine prolapse and that there was no further treatment for incontinence other than oral medication since the alleged onset date. Tr. 33. This is proper and sufficient. *Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903, 906 (11th Cir. 2006) (per curiam). Likewise, in finding Plaintiff's depression to be non-severe and causing only minimal limitation in Plaintiff's ability to work, the ALJ exhaustively discussed the "paragraph B" criteria. Tr. 33-35; 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found all four functional areas to have only "mild" limitations, justifying her conclusion that any mental health issues from which Plaintiff suffers are non-severe and do not warrant restrictions or added limitations in the RFC assessment. Tr. 33-35. Because the ALJ clearly considered and discussed Plaintiff's asserted depressive disorder "at the latter stages of the five-step disability evaluation" and found any resulting functional limitation to be no more than "mild" in all four relevant domains, any error, if at all, is harmless and inconsequential. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 859 (11th Cir. 2013) (per curiam).

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 2d day of May, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE